# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-134


DARLINE BROUSSARD

VERSUS

**DILLARD DEPARTMENT STORES,  INC., ET AL.**


**\*\*\*\*\*\*\*\*\*\***

WRIT FROM THE
OFFICE OF WORKERS' COMPENSATION #4
PARISH OF LAFAYETTE, NO. 15-05101
ANTHONY PAUL PALERMO, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## D. KENT SAVOIE
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Marc T. Amy, D. Kent Savoie, Van H. Kyzar, and David E. Chatelain, Judges.[*]

**AMY, J., dissents and assigns reasons.**

**CHATELAIN, J., dissents for the reasons assigned by Amy, J.**


### WRIT GRANTED AND MADE PEREMPTORY; CASE REMANDED.


---

[*] The Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Azelie Ziegler Shelby**
**Sarah K. Lunn**
**Airzola W. Cleaves**
**Shelby Law Firm**
**3070 Teddy Drive**
**Baton Rouge, LA 70809**
**(225) 223-6961**
**COUNSEL FOR DEFENDANTS:**
    **Dillard Department Stores, Inc.**
    **Gallagher Bassett**

**C. Ray Murray**
**Robert M. Waterwall**
**Amber E. Murry**
**Attorneys at Law**
**2000 W. Congress Street**
**Lafayette, LA 70506**
**(337) 234-5500**
**COUNSEL FOR PLAINTIFF/RELATOR:**
    **Darline Broussard**

**SAVOIE, Judge.**

In this writ application, Relator Darline Broussard seeks review of the workers' compensation court's ruling denying her motion to compel Defendants Dillard's Department Store, Inc. and Gallagher Bassett Services, Inc. to retain a claims adjuster in Louisiana. For the foregoing reasons, Relator's writ is granted and made peremptory. The case is remanded to the workers' compensation court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

This case involves a workers' compensation action which Relator filed against her employer, Dillard's Department Store, Inc. (Dillard's), and Gallagher Bassett Services, Inc. (Gallagher Bassett). Dillard's is a self-insured employer, and its workers' compensation claims are handled by a third party administrator, Gallagher Bassett. Relator alleges that while restocking clothing at the Dillard's store in Lafayette, Louisiana, on April 8, 2014, she slipped and fell in vomit on the floor of the store. Relator further alleges that, as a result of the accident, Relator sustained injuries to her back. On August 20, 2014, Relator's treating physician, Dr. John Sledge, took her completely off work. Thereafter, Relator began receiving temporary total disability (TTD) benefits.

On June 22, 2015, counsel for Dillard's sent Relator's attorney a letter, advising that, because Dr. Foster (the employer's choice of physician) had opined that Relator was capable of sedentary work, Dillard's was offering Relator a part-time sedentary position. However, Relator's attorney notified the employer's attorney that Relator's treating physician, Dr. Sledge, had not released Relator to return to work in any capacity. Subsequently, on July 2, 2015, Dillard's sent Relator and her attorney a Form 1002, Notice of Payment Modification,

Suspension, Termination or Controversion of Compensation or Medical Benefits, whereby Dillard's indicated its intention to deny Relator's claim for TTD benefits and converted her TTD benefits to lesser supplemental earnings benefits. On that same day, Relator's attorney, in accordance with La.R.S. 23:1201.1(F)(1), sent a letter of amicable demand to Dillard's requesting a reinstatement of Relator's workers' compensation benefits. On July 9, 2015, Dillard's terminated Relator's TTD wage benefits and reduced them to significantly lower supplemental earnings benefits. Thereafter, on August 14, 2015, Relator filed the instant lawsuit, seeking, in addition to her workers' compensation benefits, penalties and attorney's fees for improper termination of her benefits.

On September 3, 2015, Dillard's filed an answer, general denial, and request for a preliminary determination hearing pursuant to La.R.S. 23:1201.1(H). Relator filed a motion to strike Dillard's' request for a preliminary determination hearing. In her motion, Relator argues that Plaintiff is not entitled to a preliminary determination hearing and is not entitled to the exemption from penalties and attorney's fees which is afforded to those employers who are entitled to a preliminary determination hearing. *See* La.R.S. 23:1201.1(I)(1). As is permitted by La.R.S. 23:1201.1(I)(2), Relator sought to have the workers' compensation court conduct a rule to show cause hearing to resolve the dispute regarding Dillard's' entitlement to a preliminary determination hearing. Following a rule to show cause hearing on December 21, 2015, the workers' compensation court denied Relator's motion to strike and found that Dillard's is entitled to a preliminary determination hearing. Relator seeks review of that ruling.

Meanwhile, on December 18, 2015, Relator also filed a motion to compel Defendants (Dillard's and Gallagher Bassett) to retain a claims adjuster in the State

of Louisiana pursuant to La.R.S. 23:1161.1. Gallagher Bassett, the third party administrator that is handing Relator's claim for workers' compensation benefits, has an office in Nashville, Tennessee. Relator's claim has been assigned to Anne Mayo, who is a senior claims adjuster. Ms. Mayo works in Gallagher Bassett's Tennessee office, and she is a licensed claims adjuster in Mississippi and Georgia, but not in Louisiana. A hearing on the matter was held on January 15, 2016. On February 5, 2016, the workers' compensation court signed a judgment denying Relator's motion to compel Defendants retention of a Louisiana adjuster. The workers' compensation court concluded that it does not have subject matter jurisdiction to determine the issue of whether an employer or insurer has complied with La.R.S. 23:1161.1 because such issues are regulated by the Louisiana Commissioner of Insurance. Relator also seeks review of the ruling which denies her motion to compel.

Relator has filed two separate writ applications with this court. Our review of the workers' compensation court's ruling which denied Relator's motion to strike Dillard's' request for a preliminary determination hearing and for protection from a claim for penalties and attorney's fees is discussed in the companion case, *Darline Broussard v. Dillard Department Stores, Inc., et al.*, 16-99. Our review of the workers' compensation court's ruling which denied Relator's motion to compel Defendants to retain a claims adjuster in Louisiana is discussed below.

## DISCUSSION OF THE MERITS

"The proper procedural vehicle to contest an interlocutory judgment that does not cause irreparable harm is an application for supervisory writs. *See* La. C.C.P. arts. 2087 and 2201." *Brown v. Sanders*, 06-1171, p. 2 (La.App. 1 Cir. 3/23/07), 960 So.2d 931, 933. *But see* La.Code Civ.P. art. 2083, comment (b),

3

"Irreparable injury continues to be an important (but not exclusive) ingredient in an application for supervisory writs." (Citation omitted.)

Relator asserts that the workers' compensation court erred when it denied her motion to compel Defendants to appoint a claims adjuster in the State of Louisiana. Relator notes that La.R.S. 23:1161.1, provides as follows:

> A. Any insurer, authorized or unauthorized, domestic, foreign, or alien, who issues a policy for workers' compensation in this state shall either establish and maintain a claims office within the state or retain a licensed claims adjuster.
>
> B. The claims office or the licensed claims adjuster shall maintain files on workers' compensation claims submitted to that insurer, and the personnel of that office or the licensed claims adjuster, if retained, shall be authorized by the insurer to issue checks and settle claims, and seek contraversion on behalf of the insurer concerning workers' compensation claims made to that office or to the licensed claims adjuster.
>
> C. The insurer, or if applicable the surplus line broker who accepted and placed the policy, shall notify the commissioner of insurance and the office of workers' compensation of the address of such claims office or the address of the licensed claims adjuster retained by it.
>
> D. Waiver requests from the provisions of this Section shall be submitted in writing by the insurer, or if applicable by the surplus line broker who placed the policy, to the commissioner of insurance and shall not be considered unless the insurer can demonstrate that it has exercised claims management and filing practices which evidence proper compliance with applicable laws and regulations. Proper compliance will be measured by the commissioner through continued monitoring of the timeliness of reporting by the insurer of written complaints regarding noncompliance with all aspects of applicable laws and regulations. No insurer will be approved for waiver from the provisions of this Section unless the insurer has filed timely the documentation required by the commissioner and the office of workers' compensation at least fifty percent of the time during the year preceding the waiver request, and has also made timely first payments to claimants in cases where benefits are not contraverted at least seventy-five percent of the time during the year preceding the waiver request. Waivers granted by the commissioner shall remain in effect until such time as the insurer's measured performance record falls below that described above. Each year after such waiver has been granted, on or about the anniversary date of such waiver, the

4

commissioner shall evaluate the performance record of each such insurer to determine if the waiver shall be continued.

Relator points out that, when interpreting La.R.S. 23:1161.1, the Louisiana Fifth Circuit Court of Appeal has held as follows:

We find that reading this statute in its entirety *in pari materia* with other statutes found in Title 22 (the Insurance Code), such as LSA-R.S. 22:337, provides a proper basis for the trial court's conclusion that LSA-R.S. 23:1161.1 requires the relator-insurer to either establish and maintain a claims office within the state of Louisiana or retain a Louisiana licensed claims adjuster. Accordingly, we find no abuse of discretion in the trial court's ruling.

We also find that the trial court had jurisdiction to consider plaintiff's motion. Plaintiff's motion sought enforcement of LSA-R.S. 23:1161.1, and therefore was a claim or dispute for application of the Workers' Compensation Act and the special remedies therein. Plaintiff's motion did not seek a ruling imposing the statutory penalties on the relator-insurer found in the Insurance Code (such as those found in LSA-R.S. 22:337, involving the refusal, suspension, or revocation of the relator-insurer's certificate of authority) for its non-compliance with LSA-R.S. 23:1161.1.

*Duarte-Ortega v. Disaster Recovery Services*, *L.L.C.*, 12-883 (La.App. 5 Cir. 12/27/12), 118 So.3d 1126, 1126, *writ denied*, 13-0244 (La. 3/08/13), 109 So.3d 365 (citation omitted).

Relator takes the position that the fifth circuit correctly found that, pursuant to La.R.S. 23:1161.1(A), if a workers' compensation insurer opts not to maintain a claims office in Louisiana, then the insurer must retain a licensed Louisiana claims adjuster. Relator notes, that pursuant to La.R.S. 22:337(A)(17), the commissioner of insurance may suspend or revoke the certificate of authority for a foreign insurance company that does not have a claims office in Louisiana or that does not retain the services of an independent claims adjuster domiciled in Louisiana. She argues that, in denying her motion to compel, the workers' compensation court found that it does not have subject matter jurisdiction over the issue of requiring an

5

insurer to have a Louisiana claims adjuster because that issue is under the authority of the commissioner of insurance. However, Relator asserts that the workers' compensation court would not be infringing on the insurance commissioner's authority, under La.R.S. 22:337, to suspend or revoke a foreign insurer's certificate of authority. Rather, Relator maintains that the workers' compensation court would simply be requiring a workers' compensation insurer doing business in this state to comply with a law that requires the insurer to use a Louisiana adjuster. She argues that the original exclusive jurisdiction granted to workers' compensation judges under La.R.S. 23:1310.3(F) for the handling of workers' compensation disputes encompasses the authority to issue discovery orders and enforce specific statutory provisions under the Louisiana Workers' Compensation Act, La.R.S. 23:1021, et seq.

Relator complains that Defendants' failure to retain an adjuster in Louisiana has interfered with her trial preparation efforts. In that regard, Relator contends that she cannot subpoena Defendants' out-of-state claims adjuster to testify live at trial. According to Relator, an injured worker should not be required to spend thousands of dollars to travel to another state to depose an adjuster in preparation for trial.

It is the Defendants' contention that Relator is incorrect in her assertion that the purpose of La.R.S. 23:1161.1 is to have an adjuster be in Louisiana so that Louisiana residents can have subpoena power over them. Defendants assert that, if that were the intent of the statute, the statute would not have included La.R.S. 23:1161.1(D), which provides that the requirements set forth in La.R.S. 23:1161.1(A) may be waived. Further, Defendants maintain that, while they have objected to Relator's attempt to conduct discovery beyond the discovery cut-off

6

dates, they have never indicated that they would not produce their adjuster, Ms. Mayo, for a deposition in Louisiana. Also, Defendants point out that, pursuant to La.R.S. 23:1201, claimants have the remedy of seeking penalties and attorney's fees if an insurer fails to properly handle a claim. Additionally, Defendants argue that Relator may not bring the motion to compel the appointment of a Louisiana resident under La.R.S. 23:1161.1, because that statute was not passed for her benefit.

Alternatively, Defendants assert that, even if Relator's interpretation of La.R.S. 23:1161.1 is correct and all insurers are required to retain a Louisiana claims agent, La.R.S. 23:1161.1 applies to insurers, and not to third party administrators such as Gallagher Bassett. Defendants also make the alternative argument that they have technically complied with the provisions of La.R.S. 23:1161.1(A) because, in addition to having a qualified claims adjuster in Tennessee, they also have a claims office in Baton Rouge, Louisiana.

We agree with our brethren in the fifth circuit "that LSA-R.S. 22:337, provides a proper basis for the trial court's conclusion that LSA-R.S. 23:1161.1 requires the relator-insurer to either establish and maintain a claims office within the state of Louisiana or retain a Louisiana licensed claims adjuster." *See Ortega*, 118 So.3d at 1126. Failure to retain a Louisiana claims adjuster creates an undue burden on the relator.

The Defendants' final argument concerns La.R.S. 23:1176, which defines certain terms, including "insurers." The article states that "'[i]nsurers' . . . . shall not mean individual self-insurers." Defendants contend that, because they are self-insurers, they cannot be considered "insurers" for the purposes of La.R.S. 23:1161.1. We do not agree. La.R.S. 23:1176 begins with the words "[a]s used in

7

this subpart." Louisiana Revised Statute 23:1176 is found in Subpart I, entitled "Insurance Cost Containment," of Part I, "Scope and Operation." La.R.S. 23:1161.1 is found in Subpart H, entitled "Liability Insurance," of the same Part. Therefore, as clearly set forth in the statute, the definitions found in La.R.S. 23:1176 do not apply to terms found in La.R.S. 23:1161.1. This argument is groundless.

For the foregoing reasons, we find that the workers' compensation court was incorrect in denying Relator Darline Broussard's motion to compel Defendants Dillard Department Stores, Inc. and Gallagher Bassett Services, Inc. to retain a claims adjuster in Louisiana. We further find that the workers' compensation court does have subject matter jurisdiction to determine the issue of whether an employer or insurer has complied with La.R.S. 23:1161.1. Relator's writ is granted. This matter is remanded to the workers' compensation court for further proceedings. Costs of these proceedings are assessed to the Defendants Dillard Department Stores, Inc. and Gallagher Bassett Services, Inc.

**WRIT GRANTED AND MADE PEREMPTORY; CASE REMANDED.**

NUMBER 16-134

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

DARLINE BROUSSARD

VERSUS

DILLARD DEPARTMENT STORES, INC., ET AL.

AMY, J., dissenting.

I respectfully dissent from the majority decision. Notwithstanding the parties' positions regarding subject matter jurisdiction, I point out that the "Motion to Compel Retainer of Licensed Claims Adjuster" relies upon the application of La.R.S. 23:1161.1(A). The statute provides that "[a]ny insurer . . . who issues a policy for workers' compensation in this state shall *either* establish and maintain a claims office within the state *or* retain a licensed claims adjuster." (Emphasis added.)

As represented in the opposition to the writ application, and as observed by the majority, Gallagher Bassett maintains a claims office within Louisiana. Thus, it has fulfilled La.R.S. 23:1161.1(A) by satisfying the first of two methods permitted by the statute. Requiring the respondent to further "retain a licensed claims adjuster" eliminates the statute's use of the terms "either" and "or[.]" And, by its singular request that the "Employer/Insurer be compelled to retain a licensed claims adjuster, with an office located in the State of Louisiana[,]" the motion to compel simply collapses the two methods of compliance set forth by the statute.

Finding the statute satisfied, I would deny the present writ application.